# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39854**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Cody M. BROWN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 June 2021

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged on 3 December 2019 by GCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 29 January 2020: Dishonorable discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of sexual assault committed in 2017, in violation of Article 120, UCMJ, 10

U.S.C. § 920.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[2]

Appellant raised a single assignment of error on appeal: whether the convening authority erred by failing to take action on his sentence. After he raised this issue, however, the United States Court of Appeals for the Armed Forces decided *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20–0345, 2021 CAAF LEXIS 508 (C.A.A.F. 4 Jun. 2021), squarely rejecting Appellant's argument. Therefore, we conclude that because the charge and its specification were preferred after 1 January 2019, the convening authority in Appellant's case was not required to take action, and Appellant's assignment of error warrants no relief.

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d).[3,4] Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The PTA did not have any impact on Appellant's sentence.

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

[4] We note the convening authority denied Appellant's request to defer the portion of his adjudged sentence extending to forfeitures without stating any reason for the denial. This was error. *See United States v. Sloan*, 35 M.J. 4, 6–7 (C.M.A. 1992), *overruled on other grounds*, *United States v. Dinger*, 77 M.J. 447 (C.A.A.F. 2018). Appellant has not alleged prejudice, and we conclude there is none in light of the fact Appellant was subject to mandatory forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b, which he did not seek to have either deferred or waived.